## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BLAKE EVANS | ) | DOCKET NO: |
| | ) | |
| Plaintiff | ) | |
| v. | ) | JUDGE: |
| | ) | |
| PETRO GUARDIAN LLC | ) | |
| | ) | MAGISTRATE: |
| Defendant | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff Blake Evans, through undersigned counsel, who respectfully alleges as follows:

**I.    INTRODUCTION**

This is an action to recover unpaid overtime wages earned by Plaintiff during his employ with Defendant under the Fair Labor Standards Act (29 U.S.C. 201, *et. seq.)*. Despite being a non-exempt employee, plaintiff was paid a weekly stipend that provided no overtime pay for any week that he worked, and in every week that he was employed he worked in excess of 40

**II.    PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff Blake Evans is a person of the full age of majority and a Louisiana resident domiciled in St. Tammany Parish, Louisiana.

2.    Made Defendant is Petro Guardian, LLC a domestic limited liability company authorized to do and doing business in the State of Louisiana, and the Eastern District of Louisiana.

3.    Jurisdiction is conferred upon this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, which exists over Plaintiff's FLSA claims.

4.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in the Eastern District of Louisiana.

## III.    FACTS

5.      Plaintiff Blake Evans was employed with Petro Guardian LLC as an "installer/CDL driver" from August 2016 until March of 2018.  His general duties included installing dissipators, installing conductor cable, digging holes to drive ground rods, driving an 18 wheeler, operating a man lift, and loading and unloading equipment and materials. As such, he was a non-exempt employee for purposes of the FLSA.

6.      Throughout his employment, plaintiff would generally work fourteen days on, and six days off, and was only paid a flat rate of $1,800.00 per seven days worked.

7.      In each and every seven day period plaintiff worked, his hours easily exceeded 40 hours, and most times also exceeded 60 hours worked.

8.      Despite the significant number of overtime hours worked, plaintiff was never paid for his overtime in violation of 29 U.S.C. § 207.

9.      In July of 2018, Plaintiff learned that he was likely entitled to be paid overtime under the law.  He sent an email to Ashley Cook of Petro Guardian inquiring about being entitled to overtime pay for the overtime he had worked.  She responded that "We are in the middle of the process of determining who is owed what. Each employee will be notified when its completed. Thanks!"  However, to date, despite multiple inquiries, he has never heard back from Defendant or been paid what he is owed for the overtime he worked despite Defendant's acknowledgement that he was owed unpaid overtime wages.

## IV.    CAUSE OF ACTION FOR VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et. seq.*

10.     Plaintiff incorporates herein all prior paragraphs in this complaint.

2

11.     Defendant has violated the FLSA by requiring plaintiff to work overtime for each of the seven-day periods he was employed and not compensating him for his overtime at one and a half (1 &1/2) times his average hourly rate in violation of 29 U.S.C. § 207.

12.     Plaintiff made amicable demand for payment of his unpaid overtime wages, which was ignored by Defendant despite Defendant's acknowledgement that it did in fact owe him unpaid overtime wages.

13.     Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to file the instant lawsuit to recover his unpaid overtime wages, as well as liquidated damages, costs, and attorney's fees.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment be entered in his favor and against Defendant in an amount sufficient to adequately compensate him for his earned overtime wages, liquidated damages, costs and attorney's fees as provided by the FLSA, legal interest thereon from date of judicial demand until paid, all costs of this suit, and for all other general and equitable relief deemed appropriate by this Court or allowable by law.

Dated: November 1st, 2019

**(SIGNATURE BLOCK ON THE FOLLOWING PAGE)**

Respectfully submitted:

**STERNBERG, NACCARI & WHITE, LLC**

/s/ Justin E. Alsterberg
**JUSTIN E. ALSTERBER,** La. Bar No. 31015
**M. SUZANNE MONTERO,** La. Bar No. 21361
**SCOTT L. STERNBERG**, La. Bar No. 33390
**MICHAEL S. FINKELSTEIN**, La. Bar No. 35476
**NATALIE K. MITCHELL**, La. Bar No.32599
935 Magazine Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:  504.534.8961
ja@snw.law | suzy@snw.law | scott@snw.law
michael@snw.law | natalie@snw.law